**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CINCINNATI INSURANCE COMPANY, an Ohio Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. |

## COMPLAINT

Plaintiff CINCINNATI INSURANCE COMPANY ("Cincinnati") brings this Complaint against Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY ("American Family"). In support of its complaint, Cincinnati states the following:

### NATURE OF ACTION

1.      This is an action pursuant to 28 U.S.C. § 1332, wherein Cincinnati seeks payment from American Family for defense and indemnity fees Cincinnati paid in an underlying, construction defect case.

## PARTIES

2.      Cincinnati is a corporation, organized and existing under the laws of the state of Ohio, with its principal place of business located in Cincinnati, Ohio.

3.      American Family is a corporation organized and existing under the laws of the state of Wisconsin, with its principal place of business located in Madison, Wisconsin.

## JURISDICTION AND VENUE

4.      Jurisdiction is conferred pursuant to 28 U.S.C. § 1332. The matter in controversy arises between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5.      Venue is proper in this District pursuant to 28 U.S.C § 1391(a) because the events which give rise to this controversy occurred in this District. Specifically, this case involves the recoupment of defense and indemnity fees Cincinnati paid for in connection with a structural defect suit that was filed in Lake County, Illinois and involved a real estate development in Lake County, Illinois.

6.      On or about November 30, 2010, a suit was filed in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, entitled *Young v. Lake Cook Court, LLC, et al.*, case no. 10 L 1097 (the "Young Case").

7.      The Young Case alleged structural defects in a number of homes located in a real estate development called The Pointe of Highland Park (the

"Project"). Five homeowners initiated the Young Case against, *inter alia*, the Project's developer Lake Cook Court, LLC, and its affiliates and owners, Z Construction of Illinois, Empact Development, Brad Zenner and Hal Emalfarb (collectively, "Lake Cook").

8.      Lake Cook filed a third party complaint in the Young Case naming the project's general contractor Credo Partners LLC, architect Yas Architecture, LLC and a number of subcontractors that worked on the development, including the stucco installer, VJN Construction, Inc. ("VJN").

9.      Cincinnati issued commercial general liability and umbrella liability policies to Lake Cook Courts LLC for the relevant time period. The others previously defined collectively as Lake Cook were also insureds under the Cincinnati policies.

10.     American Family issued commercial general liability and umbrella liability policies to VJN (policy nos. 12XF0568-05, 12XF0568-07).

11.     In connection with the Project, American Family's insured VJN entered into a subcontract wherein it agreed to, among other things, indemnify and defend Lake Cook for claims related to the Project, and to name Lake Cook as an additional insured on its relevant insurance policies.

12.     American Family received actual notice of the Young Case. It knew of the involvement in that case, as defendants, of some of its named insureds and additional insureds. Moreover, Lake Cook tendered the Young Case to American Family to defend and indemnify it under the American Family policy issued to VJN.

3

13.     American Family wrongly denied a duty to defend Lake Cook as an additional insured on an American Family policy for the Young Case. American Family did not pay any amount toward the defense of Lake Cook in the Young case.

14.     As a consequence of American Family's refusal to defend Lake Cook, Cincinnati, together with two other insurers, undertook the defense of Lake Cook in the Young Case and incurred substantial costs and fees.

15.     On or about October 26, 2012, a settlement was reached in the Young Case in consideration of a release and satisfaction of judgment for the benefit of Lake Cook.

16.     As a consequence of American Family's refusal to indemnify Lake Cook, Cincinnati paid a substantial sum toward the Young Case settlement.

17.     American Family did not pay any amount toward settlement of the Young Case.

## COUNT I
## CONTRIBUTION

18.     Cincinnati repeats and realleges paragraphs 1-17 as if fully set forth herein as paragraph 18.

19.     An insurer who has paid more than its share of a loss may obtain contribution from other insurers who are also liable for the same loss but who have not paid.

4

20.     At all times relevant to the Young case, Lake Cook was an additional insured on an American Family policy and American Family was obligated to provide Lake Cook with a defense and indemnity.

21.     Despite its obligations, American Family failed and refused to defend Lake Cook or pay the defense costs incurred in defending Lake Cook in the Young Case.

22.     Additionally, American Family failed and refused to indemnify Lake Cook with respect to the Young Case.

23.     As a consequence of American Family's wrongful refusal to defend and indemnify Lake Cook, Cincinnati incurred costs for the defense and indemnity of Lake Cook in the Young Case that should have been paid by American Family.

WHEREFORE, Cincinnati prays for judgment against American Family as follows:

A.     Judgment for Cincinnati and against American Family in the amount of contribution owing to Cincinnati from American Family;

B.     Pre-judgment interest on amounts found due;

C.     Cincinnati's costs in connection with this suit; and

D.     Such other relief as the Court finds just and necessary.

**COUNT II**
**EQUITABLE SUBROGATION**

24.     Cincinnati repeats and realleges paragraphs 1-23 as if fully set forth herein paragraph 24.

25.     The elements of an equitable subrogation claim are as follows: (1) the defendant insurance carrier must be primarily liable to the insured for a loss under a policy of insurance; (2) the plaintiff insurance carrier must be secondarily liable to the insured for the same loss under its policy; and (3) the plaintiff insurance carrier must have discharged its liability to the insured and at the same time extinguished the liability of the defendant carrier.

26.     At all times relevant to the Young Case, Lake Cook was an additional insured on an American Family Policy and American Family was obligated to provide Lake Cook with defense and indemnity.

27.     American Family is primarily liable to Lake Cook for its defense and indemnity of Lake Cook in the Young Case.

28.     Cincinnati is secondarily liable to Lake Cook for its defense and indemnity of Lake Cook in the Young Case.

29.     Cincinnati discharged its liability to Lake Cook and at the same time extinguished the liability of American Family for the cost of Lake Cook's defense and indemnity.

WHEREFORE, Cincinnati prays for final judgment against American Family as follows:

A.     Judgment for Cincinnati and against American Family in the amount of contribution owing to Cincinnati from American Family;

6

B.    Pre-judgment interest on amounts found due;

C.    Cincinnati's costs in connection with this suit; and

D.    Such other relief as the Court finds just and necessary.

**<u>JURY DEMAND</u>**

Cincinnati demands a trial by jury on all issues so triable.

Dated:        April 23, 2014

CINCINNATI INSURANCE COMPANY


By: /s/ Daniel G. Litchfield_____
        Its Attorney

Daniel G. Litchfield (ARDC #06185695)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
t: (312) 781-6669
f: (312) 781-6630
litchfield@litchfieldcavo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CINCINNATI INSURANCE<br>COMPANY, an Ohio Corporation, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | Case No. |
| AMERICAN FAMILY MUTUAL<br>INSURANCE COMPANY, a Wisconsin<br>Corporation, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## NOTIFICATION AS TO AFFILIATES

The undersigned, counsel of record for plaintiff CINCINNATI INSURANCE COMPANY, furnishes the following in compliance with Local Rule 3.2 of this Court:

(1)     The full name of every party that the attorney represents in the case:

The Cincinnati Insurance Company, an Ohio Corporation

(2)     If such party or amicus is a corporation:

(a)     its parent corporation, if any; and

Cincinnati Financial Corporation

(b)     a list of corporate stockholders which are public held companies owning 10 percent or more of the stock of the party or amicus if it is a publicly held company.

Cincinnati Financial Corporation

(3)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Litchfield Cavo LLP

Attorney's Signature:_____ /s/ Daniel G. Litchfield          Date:_ April 23, 2014

Attorney's Printed Name: _____ Daniel G. Litchfield _____

Address: _____ 303 West Madison, Suite 300, Chicago, Illinois 60606 _____

Phone Number: ___ 312-781-6669 _____

Fax Number: _____ 312-781-6630 _____

E-Mail Address: ___ litchfield@litchfieldcavo.com _____